Dunn & Sackett *v.* Wm. B. McComb et al., owners of Steamboat Bella Donna.

It is well settled in the jurisprudence of Louisiana that where a collision occurs, if both parties, by their own fault, contribute to the collision, the damages will not be apportioned as in admiralty, but neither party shall recover. But in determining the question of fault, we must look to the proximate and not to the remote cause of the injury.

The flatboat of the plaintiffs being lawfully moored where she was sunk, the burden of proof is on the defendants to show that the accident could not have been avoided.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

*Hamner & Hays,* for plaintiffs.    *Wolfe & Singleton,* for defendants and appellants.

Spofford, J.* This action was brought by the owner of a flatboat loaded with produce, against the owners of the steamboat Bella Donna, to recover damages for the destruction of their flatboat with its contents.

The flatboat was moored to the shore of the Mississippi river, opposite the town of Plaquemine. The Bella Donna, in effecting a landing at night, swung against the flatboat and sunk her.

The defence is two fold:

1st. Carelessness on the part of the plaintiffs.

2d. Inevitable accident.

It is well settled in our State jurisprudence, that where a collision of this kind occurs, if both parties by their own fault contribute to the collision, the damages will not be apportioned as in admiralty, but neither party shall recover.

But we understand that, in determining the question of fault, we must look to the proximate and not to the remote caus's of the injury.

In this case it is contended that the flatboat was moored out of her proper place, and that she was within the limits of the usual steamboat landing at Plaquemine.

There are no ordinances nor fixed regulations at that place upon this subject.

The weight of evidence is with the plaintiffs upon this branch of the case; although there is some conflict, it is established, we think, that the flatboat was not within the limits of the customary steamboat landing. The plaintiffs acted with reasonable caution in mooring the boat. Upon their arrival they made inquiry of people resident there, and were told they were in the right place.

It is true one witness says that when he went on board the flatboat to make a purchase, on the day of the collision, he advised a man on board to drop lower down, for fear of accidents.

Considering the advice the plaintiffs had previously received, and the absence of regulations at the port, we cannot consider the fact that they did not immediately drop lower down as proof of fault, contributing directly and proximately to the accident that evening.

The banks of rivers are free to the public, subject, of course, to suitable police regulations. "The use of the banks of navigable rivers or streams is

* Merrick, C. J., took no part in this decision.

public; accordingly every one has a right freely to bring his vessels to land there, to make fast the same to the trees which are there planted, to unload his vessels, to deposit his goods, to dry his nets, and the like." C. C. 446.

The flatboat of the plaintiffs having been lawfully moored at the spot where she was sunk, the burden of proof is on the defendants to show that the accident could not have been avoided.

An allegation was made in the answer that there was no light on the flatboat at the time of the accident, which happened in rather a dark night. This allegation is rebutted by the evidence. A lantern was displayed when the steamboat rounded to, and in season to have been observed if there had been a suitable watch on the steamboat.

Upon the second branch of the defence we think the respondents equally unsupported by the evidence. A strong wind was blowing towards the Plaquemine shore, it is true; but we think there is not reason to suppose that the collision was inevitable had greater care been used by the offcers of the steamboat. Their total indifference to what had happened, after the damage was done, is some indication of recklessness.

There is no controversy as to the amount of damages, the District Judge having only allowed such as were actually proved.

The judgment is, therefore, affirmed, with costs.

Rehearing refused.

